The STATE of Texas, Appellant,

v.

Susan Margaret RIEWE, Appellee.

No. 05–98–01235–CR.

Court of Appeals of Texas, Dallas.

March 5, 1999.

Discretionary Review Granted Aug. 18, 1999.

Leigh Taylor Logan, Burnham Jim, Dallas, for Appellee.

John Rolater, Jr., Dallas, for Appellant.

Before Justices MALONEY, WRIGHT, and O'NEILL.

## OPINION

FRANCES MALONEY, Justice.

The State appeals the trial court's granting of appellee's motion to suppress. *See* TEX.CODE CRIM. PROC. ANN. art. 44.01(a)(5) (Vernon Supp.1999). The State timely filed its notice of appeal on July 28, 1998. However, the State gave notice of appeal without certifying to the trial court that the appeal was not taken for the purpose of delay and that the suppressed evidence was of substantial importance. *See id.*

■ On October 13, 1998, the State filed an amended notice of appeal, with a motion requesting leave to file. We deny the State's request to amend its notice of ap-

peal and dismiss this appeal. *See State v. Muller*, 829 S.W.2d 805, 812 (Tex.Crim. App.1992) (holding that the State's defective notice of appeal does not meet the substantive statutory requirements of article 44.01, and was not a mere defect of appellate procedure).

■ The State argues that *Muller* does not control because the 1997 amendments to the Texas Rules of Appellate Procedure allow a party to amend its notice of appeal. TEX.R.APP. P. 25.2(d). We disagree because the rules are not intended, and may not be employed, to enlarge the substantive rights of litigants. *See Muller*, 829 S.W.2d at 812, *quoting State v. Demaret*, 764 S.W.2d 857, 858 (Tex.App.-Austin 1989, no pet.) The State's notice of appeal must fully comply with Article 44.01 *and* be filed within fifteen days of the order appealed to invoke our jurisdiction. *See Muller*, 829 S.W.2d at 812.

Because the State never invoked this Court's jurisdiction, we do not address this case's merits. We dismiss this appeal for want of jurisdiction.