**The STATE of Texas, Appellant,**

**v.**

**Frank BROWN, a/k/a Frank Sanspree, Appellee.**

**No. 13–99–228–CR.**

Court of Appeals of Texas, Corpus Christi.

Aug. 3, 2000.

Tuck Moody Mclain, Dist. Atty., Anderson, for appellant.

David Barron, Bryan, William F. Carter, Madisonville, for appellee.

Before Justices HINOJOSA, CHAVEZ, and RODRIGUEZ.

## OPINION

Opinion by Justice RODRIGUEZ.

Appellee, Frank Brown, also known as Frank Sanspree, was charged with capital murder in Grimes County. He moved to suppress two oral statements he made during his arraignment. The trial court granted the motion. By three issues, the State contends that the trial court erred by suppressing oral statements made by appellee. By appellee's first cross-point, appellate jurisdiction is challenged. We dismiss for lack of jurisdiction.

On March 15, 1999, the trial court granted appellee's motion to suppress oral statements made during the arraignment proceeding. The State filed its timely notice of appeal on March 24, 1999. _See_ TEX. CODE.CRIM. PROC. ANN. art. 44.01(d) (Vernon Supp. Pamph.) (State may not pursue appeal under subsection (a) of article 44.01 later than fifteenth day after date on which order to be appealed is entered by court). However, in its original notice of appeal, the State did not certify to the trial court that the appeal was not taken for the purpose of delay and that the evidence is of substantial importance to the case pursuant to article 44.01(a)(5). _See_ TEX.CODE CRIM. PROC. ANN. art. 44.01(a)(5) (Vernon Supp. Pamph.2000). The State filed an

amended notice of appeal which included the foregoing language on May 10, 1999, fifty-six days after the trial court entered its order. The State filed its brief with this Court on August 2, 1999.

Article 44.01 provides that the State is entitled to appeal an order granting a motion to suppress evidence if jeopardy has not attached to the case and if the prosecuting attorney certifies to the trial court that the appeal is not taken for the purpose of delay and that the evidence is of substantial importance to the case. _See_ TEX.CODE.CRIM. PROC. Ann. art. 44.01(a)(5) (Vernon Supp. Pamph.2000). In this case, the State's notice of appeal did not comply with article 44.01 because it did not certify that the appeal was not taken for the purposes of delay or that the evidence was of substantial importance to the case.

The court of criminal appeals strictly construes the statutory requirements of article 44.01 which establishes the State's limited right of appeal. _See State v. Riewe_, 13 S.W.3d 408, 411 (Tex.Crim.App. 2000); _State v. Muller_, 829 S.W.2d 805, 812–13 (Tex.Crim.App.1992). The court has recently held that the certification requirement of article 44.01 is jurisdictional. _See State v. Riewe_, 13 S.W.3d 408, 413 (Tex.Crim.App.2000). Therefore, because the State's notice of appeal lacked the certification requirement, it failed to confer jurisdiction on this Court. _See id._

The court of criminal appeals has also held that substantive defects in a notice of appeal are not susceptible to correction through application of the "amendment and cure" provisions in the Texas Rules of Appellate Procedure. _See State v. Muller_, 829 S.W.2d 805, 812 (Tex.Crim. App.1992) (en banc). Failure to comply with article 44.01 is a substantive defect. _See Riewe_, 13 S.W.3d 410. Therefore, the rules of appellate procedure, including the amendment provision of rule 25.2(d),[1] can-

---

1. Rule 25.2(d) provides that "[a]n amended notice of appeal correcting a defect or omis-

sion in an earlier filed notice may be filed in the appellate court at any time before the

not expand the State's power to obtain jurisdiction before an appellate court. *See* Tex.R.App. P. 25.2(d); *Riewe*, 13 S.W.3d at 413. Thus, the State's amended notice of appeal which contained the certification requirement is without effect.

Accordingly, because the State's original notice of appeal failed to confer jurisdiction on this Court, even though its amended notice of appeal contained the necessary certification required under article 44.01, this Court cannot retroactively acquire jurisdiction over this case. *See Riewe*, 13 S.W.3d at 412. Appellee's motion to strike the State's amended notice of appeal is GRANTED and this appeal is DISMISSED for lack of jurisdiction.

appellant's brief is filed." Tex.R.App. P.     25.2(d).