NUMBER 13-00-310-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

_______________________________________________________________


GEORGE OLIVAREZ , Appellant,


v.


THE STATE OF TEXAS , Appellee.

_______________________________________________________________


On appeal from the 148th District Court 

of Nueces County, Texas.

_______________________________________________________________


O P I N I O N

Before Justices Hinojosa, Yañez, and Castillo

Opinion by Justice Castillo


Appellant pled guilty to the offense of indecency with a child, enhanced by a prior felony conviction. The trial court
sentenced him to twenty-five years imprisonment pursuant to a plea bargain agreement. Appellant filed a pro se notice of
appeal, challenging the voluntariness of his plea and alleging ineffective assistance of counsel and an improper admonition
as to the range of punishment for his offense. We dismiss for want of jurisdiction. 

Appellant's court-appointed counsel has filed a brief in which he concludes that the appeal is without merit. This brief
meets the requirements set forth in Anders v. California, 386 U.S. 738, 744-45 (1967). Counsel referred this Court to errors
in the record that might arguably support the appeal in the areas of voluntariness and the propriety of the trial court's
admonishments. Counsel also provided, for each arguable point of error, a discussion of the correctness of the trial court's
ruling and why the record could not support the arguments presented. See High v. State, 573 S.W.2d 807, 812 (Tex. Crim.
App. 1978). Counsel certified that he has furnished appellant with a copy of the brief and has informed appellant of his
right to review the record and to file a pro se brief. More than thirty days have passed since appellant was so advised, and
he has not filed a pro se brief with this court.

Tex. R. App. P. 25.2(b)(3) Requirements

We have no jurisdiction over this case because appellant's notice of appeal fails to meet the jurisdictional requirements of
Texas Rule of Appellate Procedure 25.2(b)(3). (1) A plea-bargaining defendant's right to appeal is limited under Texas law. 
A notice of appeal from a plea-bargain must specify that: (1) the appeal is for a jurisdictional defect, (2) the substance of
the appeal was raised by written motion and ruled on before trial, or (3) the trial court granted permission to appeal. Tex.
R. App. P. 25.2(b)(3). 

The notice of appeal filed by appellant was defective under Texas Rule of Appellate Procedure 25.2(b), as it fails to specify
any of the three conditions which would grant this Court jurisdiction under rule 25.2(b)(3). There were no jurisdictional
defects raised in the notice of appeal and none appear in the record. (2) There were no written motions ruled on before trial. 
The pro se motion to appeal, which contained a paragraph requesting permission to appeal, was never presented to the trial
court to grant or deny. Thus, appellant's notice confers no jurisdiction on this Court. (3)Conclusion

In reviewing the record carefully as mandated by Penson v. Ohio, 488 U.S. 75, 82-83 (1988), we agree with appellant's
counsel that there are no arguable grounds for appeal. (4) We therefore dismiss the appeal for want of jurisdiction. 



ERRLINDA CASTILLO

Justice




Do not publish.

Tex. R. App. P. 47.3.



Opinion delivered and filed

this the 31st day of May, 2001.



1. In conjunction with his plea bargain, in a document entitled "Defendant's Waiver of Rights," appellant initialed a
section entitled "Waiver of Appeal." The section included the statement, "I hereby waive any right of appeal that I may
have to the judgment of this court." The Texas Court of Criminal Appeals has held that a defendant in a noncapital case
may waive his right to appeal as part of a plea bargain in the same manner that he may waive many other legal rights. 
Blanco v. State, 18 S.W.3d 218, 219-220 (Tex. Crim. App. 2000). Because we hold that we lack jurisdiction to hear this
appeal under rule 25.2 (b)(3), we do not need to decide whether we have jurisdiction in light of the waiver of appeal. See
Tex. R. App. P. 47.1.

2. The Texas Court of Criminal Appeals recently held that an appeal based on voluntariness of the plea is not exempt from
the notice requirements of rule 25.2(b)(3). See Cooper v. State, No. 1100-99, slip op. at 12, 2001 Tex. Crim. App. LEXIS
25, at *16 (Tex. Crim. App. April 4, 2001). This holding abrogates our contrary holding in Marshall. See Marshall v.
State, 28 S.W.3d 634, 637-38 (Tex. App.--Corpus Christi 2000, no pet.). Accordingly, we have no jurisdiction to hear
appellant's claims of involuntariness. 

3. Appellant's appointed counsel notes that he did not file an amended notice of appeal after he was appointed because he
felt there were no grounds for appeal which fell within the purview of Texas Rule of Appellate Procedure 25.2(b)(3). We
also note that while rule 25.2(d) allows for an amended notice of appeal, no amendment can correct a defect in jurisdiction. 
See State v. Riewe, 13 S.W.3d 408, 413 (Tex. Crim. App. 2000); State v. Brown, 28 S.W.3d 609, 610-11 (Tex.
App.--Corpus Christi 2000, no pet.).

4. Appellant failed to timely request a reporter's record. However, pursuant to Texas Rule of Appellate Procedure 37.3(c),
we gave appellant the opportunity to cure this omission by producing a reporter's record. He did so, and so the full record
is available for us to consider in this case.