**Lloyd B. BROWN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 05–99–00507–CR, 05–99–00508–CR.**

Court of Appeals of Texas,
Dallas.

July 30, 2001.

Rehearing Overruled Sept. 5, 2001.

Robert P. Abbott, Coppell, for Appellant.

William T. (Bill) Hill, Jr., Dallas, for State.

Before Chief Justice THOMAS and Justices LAGARDE and RICHTER.

## OPINION

Opinion by Justice LAGARDE.

Lloyd B. Brown appeals his convictions for indecency with a child. Pursuant to a plea bargain, appellant pleaded guilty to the charges in exchange for the State's recommendation that he be placed on community supervision for ten years and assessed a $300 fine in each case. The parties, however, left to the trial court's discretion the issue of adjudication of guilt. The trial court found sufficient evidence to substantiate appellant's guilt in both cases, deferred further proceedings, probated the $300 fines, and placed appellant on ten years' community supervision in each case. Subsequently, the State moved to adjudicate guilt in each case. The trial court found the allegations in the State's motions true, adjudicated appellant's guilt, and imposed punishment in each case at ten years' imprisonment.

Appellant's attorney filed a brief in which he concludes the appeals are wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The brief presents a professional evaluation of the records showing why, in effect, there are no arguable grounds to advance. *See High v. State*, 573 S.W.2d 807 (Tex.Crim.App. [Panel Op.] 1978). Appellant filed a pro se response presenting four grounds he contends are arguable points of error.

Because appellant received deferred adjudication following negotiated guilty pleas, his notice of appeal upon adjudication in each case had to state the appeal was for a jurisdictional defect, a matter raised by written motion and ruled on before trial, or the trial court gave permission to appeal. *See* Tex.R.App. P. 25.2(b)(3); *Watson v. State*, 924 S.W.2d 711, 714–15 (Tex.Crim.App.1996). Appellant's original notice of appeal in each case did not comply with the extra-notice requirements of rule 25.2(b)(3). Thus, he filed only a general notice of appeal in each case. *See Lyon v. State*, 872 S.W.2d 732, 735 (Tex.Crim.App.1994). General notices of appeal do not invoke this Court's jurisdiction to consider the appeals. However, appellant's counsel filed an amended notice of appeal in each case, asserting the appeal was for a jurisdictional defect. The amended notices were filed within the time permitted by rule 26.2(a) to file a notice of appeal.[1] *See* Tex.R.App. P. 26.2(a). Therefore, we must decide whether appellant's amended notices of appeal successfully invoked this Court's jurisdiction. To make this decision, we must first determine whether a party may make jurisdictional amendments to its notice of appeal and whether the records substantiate the allegations in appellant's notices of appeal.

### *Jurisdictional Amendments*

#### *Riewe*

In *State v. Riewe*, 13 S.W.3d 408 (Tex. Crim.App.2000), the court of criminal appeals addressed the issue of whether rule

---

1. Rule 26.2 of the rules of appellate procedure sets the time in which parties in a criminal case may file their notice of appeal and reads, in relevant part, as follows:

   (a) *By the defendant.* The notice of appeal must be filed:

   (1) within 30 days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order; or

   (2) within 90 days after the day sentence is imposed or suspended in open court if the defendant timely files a motion for new trial.

   (b) *By the State.* The notice of appeal must be filed within 15 days after the day the trial court enters the order, ruling, or sentence to be appealed.

25.2(d) [2] of the rules of appellate procedure permitted amendment of a defective notice of appeal outside the jurisdictional time limits of rule 26.2(a). *See id.* at 412–14; TEX.R.APP. P. 25.2(d). The court held that rule 25.2(d) did not change existing precedent holding that the rules of appellate procedure could not be used to confer jurisdiction on a court of appeals once that court had lost jurisdiction. *See Riewe,* 13 S.W.3d at 413. However, the court's holding is expressed in rather broad language:

> Even a claimed deprivation of constitutional rights cannot confer jurisdiction upon a court where none exists, anymore than parties can by agreement confer jurisdiction upon a court. So *any* amendments made pursuant to rule 25.2(d) cannot be jurisdictional amendments.

*Id.* at 413–14 (emphasis supplied) (footnotes omitted).

A plain reading of the above language would indicate that a defective notice of appeal, once filed, could never be amended to either invoke or enlarge appellate jurisdiction.[3] Such a holding would greatly restrict, if not completely abrogate, rule 25.2(d). For the reasons that follow, we conclude *Riewe* should not be read so broadly.

*Riewe* involved the State's appeal of a trial court's ruling on a motion to suppress. *See id.* at 409. The State's notice of appeal did not comply with article 44.01 of the code of criminal procedure. *See id.;* TEX.CODE CRIM. PROC. ANN. art. 44.01 (Vernon Supp.2001). Well after the fifteen days in which it had to file its notice of appeal, and only after filing its brief, did the State file a request to amend its notice of appeal. *Riewe,* 13 S.W.3d at 409. The court of criminal appeals concluded this Court properly dismissed the State's appeal for lack of jurisdiction.[4] *See id.* at 414.

In affirming this Court's decision to dismiss the State's appeal, the court of criminal appeals relied upon a series of cases that concerned appellate courts using the appellate rules to obtain or retroactively obtain jurisdiction over a case. *See Oldham v. State,* 977 S.W.2d 354, 360 (Tex. Crim.App.1998) (court of appeals could not use former appellate rule 2(a) to extend time for defendant to file a motion for new

---

**2.** Rule 25.2(d) permits amendment of notices of appeal filed in criminal cases, and reads as follows:

> (d) *Amending the notice.* An amended notice of appeal correcting a defect or omission in an earlier filed notice may be filed in the appellate court at any time before the appellant's brief is filed. The amended notice is subject to being struck *for cause on the motion of any party* affected by the amended notice. After the appellant's brief is filed, the notice may be amended only on leave of the appellate court and on such terms as the court may prescribe.

**3.** As stated, rule 25.2(b)(3) requires a defendant appealing a conviction resulting from a negotiated guilty plea to file a notice of appeal containing extra-notice statements. *See* TEX. R.APP. P. 25.2(b)(3). As written, rule 25.2(d) would appear to permit a defendant appealing such a conviction to amend a general notice of appeal to conform with the extra-notice requirements of rule 25.2(b)(3) or to amend a notice of appeal that partially complied with rule 25.2(b)(3) to more broadly invoke the court of appeals' jurisdiction. An example of the latter would be an original notice of appeal stating only that the appeal concerned a jurisdictional defect being amended to also state that the trial court granted permission to appeal.

**4.** This Court dismissed because the State did not file a notice of appeal that complied with article 44.01 within fifteen days of the date of the order the State sought to appeal. *See State v. Riewe,* 997 S.W.2d 644, 645 (Tex. App.—Dallas 1999), *aff'd,* 13 S.W.3d 408 (Tex. Crim.App.2000). We held the State did not timely invoke our jurisdiction and rule 25.2(d) could not be used to enlarge the substantive rights of the litigants. *See id.*

trial); *Garza v. State*, 896 S.W.2d 192, 194–95 (Tex.Crim.App.1995) (court of appeals could not use former rule 2(a) to extend time to issue a revised opinion upon filing of petition for discretionary review after time to issue opinion under former rule 101 had expired); *Davis v. State*, 870 S.W.2d 43, 47 (Tex.Crim.App.1994) (defendant may not amend a notice of appeal out of time); *Jones v. State*, 796 S.W.2d 183, 186–87 (Tex.Crim.App.1990) (former appellate rule 83 could not be used to allow defendant to amend his notice of appeal out of time). None of these cases, however, addresses the situation before this Court; namely, whether a party may amend its notice of appeal within the time limits of rule 26.2 of the rules of appellate procedure.

*Invocation of this Court's Jurisdiction*

■ The rules of appellate procedure do not define this Court's jurisdiction; the Texas Constitution does. *See* TEX. CONST. art. V, §§ 1, 6; TEX. GOV'T CODE ANN. § 22.201(f) (Vernon 1988). However, we may have jurisdiction to hear a case, but be unable to exercise jurisdiction because it has not been properly invoked by compliance with the appropriate appellate rules. Rule 26.2 provides specific periods of time in which a party may file its notice of appeal and is one of many procedural rules a party must follow in order to successfully invoke this Court's jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex.Crim.App.1996) (parties must follow rules to invoke jurisdiction); *see also Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim.App.1998) (per curiam) (reaffirming applicability of *Olivo* under new rules of appellate procedure).

In the cases before the Court, appellant has complied with all the rules of appellate procedure necessary to invoke this Court's jurisdiction. He filed amended notices of appeal that complied with rule 25.2(b)(3) within the time prescribed by rule 26.2. The amended notices of appeal were filed pursuant to rule 25.2(d), which allows amendment of a notice of appeal to correct "a defect or omission in an earlier filed notice." *See* TEX.R.APP. P. 25.2(d).[5] We

---

5. We note appellant filed his amended notices of appeal with the trial court and not this Court. Rule 25.2(d) appears to require amended notices of appeal to be filed with the appropriate court of appeals. *See* TEX.R.APP. P. 25.2(d) ("An amended notice of appeal correcting a defect or omission in an earlier filed notice may be filed in the *appellate court* ...") (emphasis supplied). Under rule 25.2, an appeal in a criminal case is perfected by timely filing a written notice of appeal with the trial court clerk. *See id.* 25.2(a), (b)(1), (2). Upon receipt of the notice of appeal, the trial court must, among other things, *immediately* send one copy of the notice of appeal to the State's attorney and one copy to the appropriate court of appeals. *See id.* 25.2(c) (emphasis supplied); *see also In re Washington*, 7 S.W.3d 181, 183 (Tex.App.—Houston [1st Dist.] 1999, no pet.). We believe the trial court clerk's duties concerning notices of appeal are not restricted to the original notice of appeal filed but also include any amended notices of appeal filed with the trial court. Our records do not indicate the trial court

clerk ever sent us a copy of the amended notices of appeal in these cases other than as à part of the clerk's records. The filemarks indicate the amended notices of appeal were filed with the trial court on March 18, 1999. We did not receive the clerk's records until July 21, 1999. We conclude the trial court clerk did not immediately send this Court a copy of the amended notices of appeal. Had the clerk done so, an amended notice of appeal would have been filed with this Court as contemplated by rule 25.2(d).

Under rule 25.2(e), the trial court retains jurisdiction over a criminal case until "the record is filed in the appellate court...." *See* TEX.R.APP. P. 25.2(e). However, this rule operates independently of rule 26.2, which sets the time limits in which a party may file a notice of appeal. We can conceive of a situation wherein the appellate record is filed before the rule 26.2 time limits expire. Therefore, to allow a party to amend its notice of appeal in the court having jurisdiction over the case, we conclude a party may file an

see no meaningful difference between the timely filing of an original notice of appeal within the time limits of rule 26.2 and the filing of an amended notice of appeal within those same time limits. In either instance, the required notice is filed within the time limits provided for properly invoking appellate jurisdiction.

The issue in *Riewe* was whether the State could amend its notice of appeal after it had filed its brief and after the time had expired for the State to file a notice of appeal. *See Riewe*, 13 S.W.3d at 414. There is nothing in *Riewe* to suggest the court of criminal appeals intended to abrogate rule 25.2(d). Rather, the court made clear that the amendment language in rule 25.2(d) could not be used to enlarge or modify the substantive rights of a litigant, and it reaffirmed its prior holdings that if a court of appeals does not have jurisdiction over a case, that court cannot invoke a rule of appellate procedure to obtain jurisdiction. *Id.* at 413. Accordingly, we conclude the holding of the court of

criminal appeals in *Riewe* did not abrogate rule 25.2(d).

■ Therefore, we hold that a party may amend its notice of appeal under rule 25.2(d) to successfully invoke an appellate court's jurisdiction as long as the amendment occurs within the time to file a notice of appeal under rule 26.2.[6] Applying that holding to the cases here, we note the records reflect appellant was sentenced on March 4, 1999. Appellant filed a general notice of appeal in each case on March 10, 1999 which, under the facts presented, would not invoke this Court's jurisdiction. *See Lyon*, 872 S.W.2d at 735. In each case, on March 18, 1999, appellant timely filed a motion for new trial and an amended notice of appeal. Therefore, appellant's amended notices of appeal were filed within the time allowed under rule 26.2. *See* Tex.R.App. P. 26.2. Accordingly, appellant's amended notices of appeal were timely filed and, in form, comply with rule 25.2(b)(3).[7] However, compliance with rule 25.2(b)(3) in form only is insufficient to invoke this Court's jurisdiction.

---

amended notice of appeal with the trial court in limited circumstances. If the amended notice is filed within the time limits specified by rule 26.2 and before the record is filed with the appellate court, the amended notice may be filed with the trial court. If the appellate record has been filed, but the time to file a notice of appeal under rule 26.2 has not expired, the party may file the amended notice of appeal with the court of appeals in which the record has been filed or with the trial court. In any instance where an amended notice of appeal is filed with the trial court, the trial court clerk must comply with rule 25.2(c) and immediately send a copy of the amended notice of appeal to the State's attorney and the appropriate court of appeals. In instances where the trial court clerk does not forward a copy of an amended notice of appeal to this Court, we will deem the amended notice of appeal to have been filed in this Court as of the date of its filing with the trial court. We see no reason why an appeal

should be thwarted by the inaction of a trial court clerk. Such a procedure will enable appellate courts to determine whether their jurisdiction has been properly invoked. It will also provide notice of an amended notice of appeal in the event a party desires to challenge the amended notice of appeal, as contemplated by rule 25.2(d). *See id.* 25.2(d). In these cases, we conclude appellant permissibly filed his amended notices of appeal with the trial court.

6. We are neither presented with nor do we address the issue of whether a party may amend its notice of appeal before it files its brief but *after* the expiration of the time limits set by rule 26.2. *See, e.g., State v. Brown*, 28 S.W.3d 609 (Tex.App.—Corpus Christi 2000, no pet.). However, *Riewe* seems to have settled that issue.

7. Each amended notice of appeal stated the appeal was for a jurisdictional defect.

### Allegations in Notice of Appeal Must be Substantiated

This Court has previously held that in a case to which rule 25.2(b)(3) applies, a notice of appeal must comply, both in form *and substance,* with the requirements of rule 25.2(b)(3). *See Sherman v. State,* 12 S.W.3d 489, 492 (Tex. App.—Dallas 1999, no pet.). Without such compliance, this Court's jurisdiction is not properly invoked. *Id.* In counsel's *Anders* brief, he asserts there are no jurisdictional defects in these cases, citing *Studer v. State,* 799 S.W.2d 263, 273 (Tex.Crim.App. 1990). The brief, therefore, conflicts with appellant's amended notices of appeal. We have examined the records in these cases and conclude the trial court properly exercised jurisdiction over appellant's cases. We conclude the statements in appellant's amended notices of appeal that the appeals are for a jurisdictional defect have no basis in fact. Therefore, appellant's notices of appeal do not comply *in substance* with rule 25.2(b)(3). Consequently, he has not properly invoked this Court's jurisdiction over these cases. Accordingly, we dismiss these appeals for want of jurisdiction. *See Slaton,* 981 S.W.2d at 210.[8]

---

8. Because we conclude our jurisdiction has not been properly invoked in these appeals, we do not have jurisdiction to address the issues presented by appellant in his pro se response to his counsel's *Anders* brief. Appellant's pro se response does not raise any matter over which we have jurisdiction. We also do not have jurisdiction to grant appellant's request to correct the judgments entered in these cases, both of which reflect a fine the trial court did not orally pronounce in court. *See Coffey v. State,* 979 S.W.2d 326, 328 (Tex.Crim.App.1998).