NO. 07-01-0112-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO





JANUARY 28, 2002



______________________________




TERRY TULL AND KATHRYN TULL, INDIVIDUALLY AND 


AS NEXT FRIENDS OF AMBER AND STEPHEN M. TULL, APPELLANTS



V.



CHUBB GROUP OF INSURANCE COMPANIES, FEDERAL INSURANCE COMPANY

AND SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY, APPELLEES



_________________________________



FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 96-558,083; HONORABLE SAM MEDINA, JUDGE





_______________________________




BOYD, C.J., and QUINN and REAVIS, JJ. (1)

ORDER ON APPELLANT'S MOTION TO RECONSIDER ORDER ON APPELLANT'S 

MOTION TO DISMISS AND MOTION FOR EXTENSION OF TIME


 By order dated November 14, 2001, this Court overruled appellant's motion to
dismiss this appeal for want of jurisdiction because the clerk's record did not contain the
trial court's subsequent order filed May 29, 2001, vacating its previous order of severance
of February 21, 2001. A supplemental clerk's record containing the May 29 order was filed
with this Court on November 29, 2001. On January 24, 2002, appellants filed the pending
motion for reconsideration of their motion to dismiss and alternatively, requested an
extension of time in which to file their brief. 

 Accordingly, at the request of appellants the motion for reconsideration is granted
and the appeal is hereby dismissed.

 Don H. Reavis

 Justice

Do not publish.
1. Quinn, J. not participating.



amendment occurs within the time to file the notice. State v. Riewe, 13
S.W.3d 408, 413-14 (Tex.Cr.App. 2000); Brown v. State, 53 S.W.3d 734, 737-
(Tex.App.-Dallas 2001, pet. ref'd). Although Rule 25.2(b)(3)(B) of the Texas Rules of
Appellate Procedure provides that matters raised by written motion and ruled on before
trial may be raised on appeal, this record does not show that the trial court made a ruling
on appellant's motion to suppress. The clerk's record contains a motion to suppress filed
on February 4, 2000; however, the record does not contain an order granting or denying
appellant's motion to suppress. Moreover, the juvenile docket contained in the record
does not reflect that a hearing on the motion was held. Finally, by his brief, appellant does
not raise any issues relating to the motion to suppress. Thus, we must review appellant's
issues to determine whether any may be raised by general notice of appeal.

 By his brief, appellant raises four issues contending (1) the trial court erred in
certifying him as an adult because the evidence is legally and factually insufficient as to
dangerousness; (2) the trial court committed fundamental error by failing to admonish him
as required under section 54.03 of the Texas Family Code; (3) the trial court committed
fundamental error by using the same grounds to revoke probation that had been previously
used to extend it; and (4) the evidence is legally and factually insufficient to support
revocation. 

 A defendant may appeal a juvenile court's order certifying him to be tried as an adult
only in conjunction with an appeal of the underlying conviction that was transferred to
criminal court. Tex. Code Crim. Proc. Ann. art. 44.47 (Vernon Supp. 2003). Also, the
notice requirements of Rule 25.2(b)(3) of the Texas Rules of Appellate Procedure apply
to a defendant who is placed on deferred adjudication community supervision. Vidaurri
v. State, 49 S.W.3d 880, 884-85 (Tex.Cr.App. 2001). Having determined that appellant's
amended notice of appeal did not invoke our jurisdiction, we conclude that appellant's first
issue cannot be reviewed under a general notice of appeal. See Woods v. State, 68
S.W.3d 667, 670 (Tex.Cr.App. 2002) (holding that a general notice of appeal would not
permit an appeal of a conviction for aggravated robbery nor of an adult certification order
in conjunction with that conviction).

 Section 54.03 of the Texas Family Code (Vernon 2002) requires that a juvenile be
given certain admonishments at his adjudication hearing. Appellant asserts by his second
issue that he was never admonished. Appellant was placed on deferred adjudication on
May 21, 2001, and any complaint regarding that proceeding was required to be raised in
an appeal from that proceeding and not after community supervision was revoked. Manuel
v. State, 994 S.W.2d 658, 661-62 (Tex.Cr.App. 1999). 

 By his third and fourth issues, appellant challenges the revocation of his community
supervision and his adjudication of guilt for aggravated robbery. Article 42.12, section 5(b)
of the Texas Code of Criminal Procedure (Vernon Supp. 2003) prohibits an appeal from
a trial court's determination to adjudicate guilt on the original charge. We conclude that
we are without jurisdiction to review any of appellant's issues.

 Accordingly, the State's motion to dismiss is granted and appellant's purported
appeal and request for leave to amend his notice of appeal a second time are dismissed
for want of jurisdiction.

 Don H. Reavis

 Justice

 

Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.