NO. 07-02-0299-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



NOVEMBER 19, 2002



______________________________




JOSEPH JEREMY CHRISTENTARY, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE CRIMINAL JUDICIAL DISTRICT COURT OF JEFFERSON COUNTY;



NO. TRN 9062287492; HONORABLE CHARLES D. CARVER, JUDGE



_______________________________



Before QUINN and REAVIS, JJ. and BOYD, S.J. (1)

ON STATE'S MOTION TO DISMISS


 Appellant, a juvenile who was certified as an adult, was adjudicated guilty of
aggravated robbery on June 17, 2002, from a prior order of deferred adjudication. On
June 27, 2002, a general notice of appeal was filed; however, the notice was amended
within 30 days of sentencing to reflect that the matters being raised on appeal were raised
by a written motion to suppress. At the same time that appellant filed his brief, he also
filed a request for leave to amend his notice of appeal and alternatively a second amended
notice of appeal on October 10, 2002. Pursuant to a request by this Court that the State
respond to appellant's request to amend his notice, the State filed a motion to dismiss. 
Appellant filed a response alleging we have jurisdiction over fundamental or jurisdictional
errors. After consideration of the motion and response, we grant the motion and hold that
we are without jurisdiction to entertain appellant's purported appeal and request for leave
to amend his notice of appeal.

 A party may amend its notice of appeal to successfully invoke an appellate court's
jurisdiction if the amendment occurs within the time to file the notice. State v. Riewe, 13
S.W.3d 408, 413-14 (Tex.Cr.App. 2000); Brown v. State, 53 S.W.3d 734, 737-
(Tex.App.-Dallas 2001, pet. ref'd). Although Rule 25.2(b)(3)(B) of the Texas Rules of
Appellate Procedure provides that matters raised by written motion and ruled on before
trial may be raised on appeal, this record does not show that the trial court made a ruling
on appellant's motion to suppress. The clerk's record contains a motion to suppress filed
on February 4, 2000; however, the record does not contain an order granting or denying
appellant's motion to suppress. Moreover, the juvenile docket contained in the record
does not reflect that a hearing on the motion was held. Finally, by his brief, appellant does
not raise any issues relating to the motion to suppress. Thus, we must review appellant's
issues to determine whether any may be raised by general notice of appeal.

 By his brief, appellant raises four issues contending (1) the trial court erred in
certifying him as an adult because the evidence is legally and factually insufficient as to
dangerousness; (2) the trial court committed fundamental error by failing to admonish him
as required under section 54.03 of the Texas Family Code; (3) the trial court committed
fundamental error by using the same grounds to revoke probation that had been previously
used to extend it; and (4) the evidence is legally and factually insufficient to support
revocation. 

 A defendant may appeal a juvenile court's order certifying him to be tried as an adult
only in conjunction with an appeal of the underlying conviction that was transferred to
criminal court. Tex. Code Crim. Proc. Ann. art. 44.47 (Vernon Supp. 2003). Also, the
notice requirements of Rule 25.2(b)(3) of the Texas Rules of Appellate Procedure apply
to a defendant who is placed on deferred adjudication community supervision. Vidaurri
v. State, 49 S.W.3d 880, 884-85 (Tex.Cr.App. 2001). Having determined that appellant's
amended notice of appeal did not invoke our jurisdiction, we conclude that appellant's first
issue cannot be reviewed under a general notice of appeal. See Woods v. State, 68
S.W.3d 667, 670 (Tex.Cr.App. 2002) (holding that a general notice of appeal would not
permit an appeal of a conviction for aggravated robbery nor of an adult certification order
in conjunction with that conviction).

 Section 54.03 of the Texas Family Code (Vernon 2002) requires that a juvenile be
given certain admonishments at his adjudication hearing. Appellant asserts by his second
issue that he was never admonished. Appellant was placed on deferred adjudication on
May 21, 2001, and any complaint regarding that proceeding was required to be raised in
an appeal from that proceeding and not after community supervision was revoked. Manuel
v. State, 994 S.W.2d 658, 661-62 (Tex.Cr.App. 1999). 

 By his third and fourth issues, appellant challenges the revocation of his community
supervision and his adjudication of guilt for aggravated robbery. Article 42.12, section 5(b)
of the Texas Code of Criminal Procedure (Vernon Supp. 2003) prohibits an appeal from
a trial court's determination to adjudicate guilt on the original charge. We conclude that
we are without jurisdiction to review any of appellant's issues.

 Accordingly, the State's motion to dismiss is granted and appellant's purported
appeal and request for leave to amend his notice of appeal a second time are dismissed
for want of jurisdiction.

 Don H. Reavis

 Justice

 

Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.



has been informed
of his rights concerning appeal, as well as any right to file a pro se petition for discretionary
review.


 In this case, although sentence was imposed on July 18, 2007, the Certification
of Defendant’s Right of Appeal was not executed by the trial court until November 18,
2007. Because Rule 25.2(d) is a procedural rule, the rule in effect at the time of the
execution of the certification applies. Wilson v. State, 473 S.W.2d 532 (Tex.Crim.App.
1971). 
          The certification contained in the clerk’s record does not contain the defendant’s
signature. Furthermore, it does not reflect whether a copy of the certification was given to
the defendant, nor does it indicate whether the defendant was given the required
admonishments. Therefore, the certification on file is defective. 
          Consequently, we abate this appeal and remand the cause to the trial court for
further proceedings. Upon remand, the trial court shall utilize whatever means necessary
to secure a Certification of Defendant’s Right of Appeal in compliance with Rule 25.2(d). 
Once properly executed, the certification shall be included in a supplemental clerk’s record
and filed with the Clerk of this Court on or before June 16, 2008.
          This order constitutes notice to all parties of the defective certification pursuant to
Rule 37.1 of the Texas Rules of Appellate Procedure. If a supplemental clerk’s record
containing a proper certification is not filed in accordance with this order, this matter will be
referred to the Court for dismissal. See Tex. R. App. P. 25.2(d). 
          Additionally, Appellant’s fourth motion for extension of time is granted. Appellant’s
brief is due on or before June 16, 2008.
          It is so ordered. 
                                                                                      Per Curiam