NO. 07-02-0299-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

NOVEMBER 19, 2002

______________________________

JOSEPH JEREMY CHRISTENTARY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE CRIMINAL JUDICIAL DISTRICT COURT OF JEFFERSON COUNTY;

NO. TRN 9062287492; HONORABLE CHARLES D. CARVER, JUDGE

_______________________________

Before QUINN and REAVIS, JJ. and BOYD, S.J.
(footnote: -6)
ON STATE’S MOTION TO DISMISS

Appellant, a juvenile who was certified as an adult, was adjudicated guilty of aggravated robbery on June 17, 2002, from a prior order of deferred adjudication.  On June 27, 2002, a general notice of appeal was filed; however, the notice was amended within 30 days of sentencing to reflect that the matters being raised on appeal were raised by a written motion to suppress.  At the same time that appellant filed his brief, he also filed a request for leave to amend his notice of appeal and alternatively a second amended notice of appeal on October 10, 2002.  Pursuant to a request by this Court that the State respond to appellant’s request to amend his notice, the State filed a motion to dismiss.  Appellant filed a response alleging we have jurisdiction over fundamental or jurisdictional errors.  After consideration of the motion and response, we grant the motion and hold that we are without jurisdiction to entertain appellant’s purported appeal and request for leave to amend his notice of appeal.

A party may amend its notice of appeal to successfully invoke an appellate court’s jurisdiction if the amendment occurs within the time to file the notice.  State v. Riewe, 13 S.W.3d 408, 413-14 (Tex.Cr.App. 2000); Brown v. State, 53 S.W.3d 734, 737- (Tex.App.–Dallas 2001, pet. ref’d).  Although Rule 25.2(b)(3)(B) of the Texas Rules of Appellate Procedure provides that matters raised by written motion and ruled on before trial may be raised on appeal
, this record does not show that the trial court made a ruling on  appellant’s motion to suppress.  The clerk’s record contains a motion to suppress filed on February 4, 2000; however, the record does not contain an order granting or denying appellant’s motion to suppress.  Moreover, the juvenile docket contained in the record does not reflect that a hearing on the motion was held.  Finally, by his brief, appellant does not raise any issues relating to the motion to suppress.  Thus, we must review appellant’s issues to determine whether any may be raised by general notice of appeal.

By his brief, appellant raises four issues contending (1) the trial court erred in certifying him as an adult because the evidence is legally and factually insufficient as to dangerousness; (2) the trial court committed fundamental error by failing to admonish him as required under section 54.03 of the Texas Family Code; (3) the trial court committed fundamental error by using the same grounds to revoke probation that had been previously used to extend it; and (4) the evidence is legally and factually insufficient to support revocation.  

A defendant may appeal a juvenile court’s order certifying him to be tried as an adult only in conjunction with an appeal of the underlying conviction that was transferred to criminal court.  Tex. Code Crim. Proc. Ann. art. 44.47 (Vernon Supp. 2003).  Also, the notice requirements of Rule 25.2(b)(3) of the Texas Rules of Appellate Procedure apply to a defendant who is placed on deferred adjudication community supervision.  Vidaurri v. State, 49 S.W.3d 880, 884-85 (Tex.Cr.App. 2001).  Having determined that appellant’s amended notice of appeal did not invoke our jurisdiction, we conclude that appellant’s first issue cannot be reviewed under a general notice of appeal.  
See
 Woods v. State, 68 S.W.3d 667, 670 (Tex.Cr.App. 2002) (holding that a general notice of appeal would not permit an appeal of a conviction for aggravated robbery nor of an adult certification order in conjunction with that conviction).

Section 54.03 of the Texas Family Code (Vernon 2002) requires that a juvenile be given certain admonishments at his adjudication hearing.  Appellant asserts by his second issue that he was never admonished.  Appellant was placed on deferred adjudication on May 21, 2001, and any complaint regarding that proceeding was required to be raised in an appeal from that proceeding and not after community supervision was revoked.  Manuel v. State, 994 S.W.2d 658, 661-62 (Tex.Cr.App. 1999).       

By his third and fourth issues, appellant challenges the revocation of his community supervision and his adjudication of guilt for aggravated robbery.  Article 42.12, section 5(b) of the Texas Code of Criminal Procedure (Vernon Supp. 2003) prohibits an appeal from a  trial court’s determination to adjudicate guilt on the original charge.  We conclude that we are without jurisdiction to review any of appellant’s issues.

Accordingly, the State’s motion to dismiss is granted and appellant’s purported appeal and request for leave to amend his notice of appeal a second time are dismissed for want of jurisdiction.

Don H. Reavis

    Justice

Do not publish.

FOOTNOTES
-6:
John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.