Emanuel Bernard Hampton v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-03-059-CR

Â Â Â Â Â EMANUEL BERNARD HAMPTON,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 179th District Court
Harris County, Texas
Trial Court # 873,550
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Emanuel Bernard Hampton pleaded guilty to aggravated sexual assault. Pursuant to a plea
agreement, the court deferred an adjudication of guilt and placed him on unadjudicated community
supervision for eight years. The court subsequently adjudicated his guilt and sentenced him to
eight years imprisonment and a $1,250 fine. Hampton timely filed a pro se notice of appeal which
on its face complies with former Rule of Appellate Procedure 25.2(b)(3). See Tex. R. App. P.
25.2(b)(3), 948-949 S.W.2d (Tex. Cases) xcvi (Tex. Crim. App. 1997, amended 2002)
(hereinafter, âTex. R. App. P. 25.2(b)(3)â); Woods v. State, 68 S.W.3d 667, 669 (Tex. Crim.
App. 2002).
Â Â Â Â Â Â A notice of appeal governed by former Rule 25.2(b)(3) must comply with the rule in form and
substance to properly invoke this Courtâs jurisdiction. Brown v. State, 53 S.W.3d 734, 739 (Tex.
App.âDallas 2001, pet. refâd); Flores v. State, 43 S.W.3d 628, 629 (Tex. App.âHouston [1st
Dist.] 2001, no pet.); Betz v. State, 36 S.W.3d 227, 228-29 (Tex. App.âHouston [14th Dist.]
2001, no pet.). Hampton states that he intends to complain on appeal regarding: (1) a
jurisdictional defect; (2) the courtâs ruling on written pre-trial motions; and (3) issues on which
the court granted permission to appeal. See Tex. R. App. P. 25.2(b)(3). However, the record
belies his stated intentions.
Â Â Â Â Â Â The record demonstrates that the court had jurisdiction over Hamptonâs person and over the
felony charge of which he was convicted. Hampton filed no âpre-trialâ motions prior to the
hearing on the Stateâs motion to adjudicate his guilt. The courtâs judgment recites, âNo
permission to appeal granted.â
Â Â Â Â Â Â Hamptonâs notice of appeal does not comply in substance with the requirements of former
Rule 25.2(b)(3). Accordingly, we dismiss his appeal for want of jurisdiction. See Brown, 53
S.W.3d at 739; Flores, 43 S.W.3d at 629-30.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM
Before Chief Justice Davis,
Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Justice Gray
Appeal dismissed for want of jurisdiction
Opinion delivered and filed March 5, 2003
Do not publish
[CR25]



ing summary judgment on the affirmative
defense of limitations because: (1) the discovery rule applies and limitations
did not begin to run until 1997; and (2) the presence of the cable line on
their property constituted a continuing tort.

   The limitations period for a trespass
action is Âtwo years after the day the cause of action accrues.ÂÂ  Tex. Civ. Prac. & Rem. Code Ann. Â§ 16.003(a)
(Vernon Supp. 2005).Â  ÂIn most cases, a cause of action accrues when a wrongful
act causes a legal injury, regardless of when the plaintiff learns of that
injury or if all resulting damages have yet to occur.ÂÂ  Provident Life &
Accident Ins. Co. v. Knott, 128 S.W.3d 211, 221 (Tex. 2003); accord Franco
v. Slavonic Mut. Fire Ins. AssÂn, 154 S.W.3d 777, 789 (Tex. App.ÂHouston [14th Dist.] 2004, no pet.).

Â Â Â Â Â Â Â Â Â  Under the discovery rule, limitations
does not begin to run until a plaintiff Âdiscovers or should have discovered
through the exercise of reasonable care and diligence the facts establishing
the elements of a cause of action.ÂÂ  Apex Towing Co. v. Tolin, 41 S.W.3d
118, 120-21 (Tex. 2001); accord Pirtle v. Kahn, 177 S.W.3d 567, 573
(Tex. App.ÂHouston [1st Dist.] 2005, pet. denied).

Â Â Â Â Â Â Â Â Â  ÂA party seeking to avail itself of
the discovery rule must . . . plead the rule, either in its original petition
or in an amended or supplemented petition in response to defendantÂs assertion
of the [statute of limitations] as a matter in avoidance.ÂÂ  Woods v. William
M. Mercer, Inc., 769 S.W.2d 515, 518 (Tex. 1988); accord Proctor v.
White, 172 S.W.3d 649, 652 (Tex. App.ÂEastland 2005, no pet.); Sanders
v. Constr. Equity, Inc., 42 S.W.3d 364, 368 (Tex. App.ÂBeaumont 2001, pet.
denied).Â  If the plaintiff fails to plead the discovery rule in a petition,
then it is waived as other matters of avoidance.Â  See Woods, 769 S.W.2d at
518; Dickson Constr., Inc. v. Fid. & Deposit Co., 960 S.W.2d 845,
850 (Tex. App.ÂTexarkana 1997), affÂd, 5 S.W.3d 353 (Tex. 1999); cf.
In re Marriage of Smith, 115 S.W.3d 126, 131 (Tex. App.ÂTexarkana 2003,
pet. denied)Â  (failure to plead affirmative defense of preemption under Rule of
Civil Procedure 94 waives that affirmative defense).

Â Â Â Â Â Â Â Â Â  However, if a plaintiff asserts the
discovery rule in response to a summary judgment motion raising the statute of
limitations, even though the discovery rule has not been pleaded in the
plaintiffÂs petition, the parties will be deemed to have tried the issue by
consent unless the defendant objects to the plaintiffÂs assertion of the
discovery rule.Â  Proctor, 172 S.W.3d at 652; cf. Roark v. Stallworth
Oil & Gas, Inc., 813 S.W.2d 492, 494 (Tex. 1991) (Âan unpleaded
affirmative defense may also serve as the basis for a summary judgment when it
is raised in the summary judgment motion, and the opposing party does not
object to the lack of a rule 94 pleading in either its written response or
before the rendition of judgmentÂ); Head v. U.S. Inspect DFW, Inc., 159
S.W.3d 731, 740 (Tex. App.ÂFort Worth 2005, no pet.) (same).

Â Â Â Â Â Â Â Â Â  Here, the Krohns did not plead the
discovery rule in their original petition or in any amended or supplemental petition.Â 
Marcus expressly objected to the KrohnsÂ assertion of the discovery rule in
their summary judgment response.Â  Therefore, the discovery rule was not tried
by consent in the summary judgment hearing.Â  See Proctor, 172 S.W.3d at
652; cf. Roark, 813 S.W.2d at 494; Head, 159 S.W.3d at 740.Â 
Accordingly, because the Krohns did not plead the discovery rule in their
petition, they have waived it.Â  See Woods, 769 S.W.2d at 518; Dickson
Constr., 960 S.W.2d at 850; cf. Smith, 115 S.W.3d at 131.

Â Â Â Â Â Â Â Â Â  Nevertheless, the Krohns also contend
that their trespass suit is not barred by limitations because MarcusÂs trespass
constitutes a continuing tort.[1]Â  See
 Rogers v. Ardella Veigel Inter Vivos Trust, 162 S.W.3d 281, 290 (Tex. App.ÂAmarillo 2005, pet. denied); W.W. Laubach Trust v. The Georgetown Corp., 80
S.W.3d 149, 159 (Tex. App.ÂAustin 2002, pet. denied); Dickson Constr.,
960 S.W.2d at 851.Â  A cause of action for a continuing tort does not accrue
until the defendantÂs tortious conduct ceases.Â  Id.

Â Â Â Â Â Â Â Â Â  In determining whether there is a
continuing tort, Âcare must be taken to distinguish between 1) repeated injury
proximately caused by repetitive wrongful or tortious acts and 2) continuing
injury arising from one wrongful act.Â  While the former evinces a continuing
tort, the latter does not.ÂÂ  Rogers, 162 S.W.3d at 290; accord Dickson
Constr., 960 S.W.2d at 851.Â  Here, the Krohns allege one wrongful actÂthe
placement of the cable line across their propertyÂwhich has been a source of
continuing injury.Â  Therefore, we hold as a matter of law that MarcusÂs
trespass was not a continuing tort.

Â Â Â Â Â Â Â Â Â  The parties also dispute whether the
trespass should be characterized as permanent or temporary.Â  It has been held
that the continuing tort doctrine does not apply in the case of a permanent
injury to real property.Â  See W.W. Laubach Trust, 80 S.W.3d at 159; Mitchell
Energy Corp. v. Bartlett, 958 S.W.2d 430, 443 (Tex. App.ÂFort Worth 1997,
pet. denied).Â  This conclusion is probably nothing more than a recognition that
a permanent injury to land will generally arise from a single tortious act
which causes continuing injury to the landowner.Â  Such a permanent injury, by
definition, would not constitute a continuing tort.Â  See Rogers, 162
S.W.3d at 290; Dickson Constr., 960 S.W.2d at 851.

Â Â Â Â Â Â Â Â Â  The Supreme Court has recently
clarified what constitutes a permanent injury to land in the context of a
nuisance claim.[2]Â 
As the Court explained:

a nuisance should be deemed temporary only if it
is so irregular or intermittent over the period leading up to filing and trial
that future injury cannot be estimated with reasonable [certainty].Â 
Conversely, a nuisance should be deemed permanent if it is sufficiently
constant or regular (no matter how long between occurrences) that future impact
can be reasonably evaluated.

Â 

Schneider NatÂl Carriers, Inc. v. Bates, 147 S.W.3d 264, 281 (Tex. 2004); see also
Mitchell Energy, 958 S.W.2d at 443.

Â Â Â Â Â Â Â Â Â  Under this definition, the presence of
MarcusÂs cable line on the KrohnsÂ property for more than a decade clearly
constituted a permanent trespass as of the time the Krohns filed suit.[3]Â 
See id.Â  Therefore, because Marcus committed a permanent trespass, the
continuing tort doctrine does not apply.Â  See W.W. Laubach Trust, 80
S.W.3d at 159; Mitchell Energy, 958 S.W.2d at 443.

Â Â Â Â Â Â Â Â Â  The summary judgment evidence
conclusively establishes that the Krohns learned of MarcusÂs trespass on their
property no later than 1986.Â  This is when their claim for damages accrued.Â  See
Provident Life & Accident, 128 S.W.3d at 221; Franco, 154 S.W.3d
at 789.Â  The limitations period for this claim expired no later than December
31, 1988.Â  See Tex. Civ. Prac.
& Rem. Code Ann. Â§ 16.003(a).Â  Accordingly, Marcus conclusively
established that the KrohnsÂ claim for damages is barred by limitations.Â  Thus,
we overrule the KrohnsÂ first issue.

Â 

Injunctive Relief

Â Â Â Â Â Â Â Â Â  The Krohns contend in their sixth
issue that the court erred by rendering summary judgment against them on their
claim for injunctive relief on the basis of mootness.Â  They contend that a fact
issue remains on the question of whether MarcusÂs cable line still crosses a
portion of their 11.764-acre tract.[4]

Â Â Â Â Â Â Â Â Â  ÂA case becomes moot if a controversy
ceases to exist or the parties lack a legally cognizable interest in the
outcome.ÂÂ  Allstate Ins. Co. v. Hallman, 159 S.W.3d 640, 642 (Tex. 2005).Â  Â[M]ootness is a component of subject-matter jurisdiction.ÂÂ  Labrado v. County of El Paso, 132 S.W.3d 581, 589 (Tex. App.ÂEl Paso 2004, no pet.); accord
Williams v. Lara, 52 S.W.3d 171, 185 (Tex. 2001); McClure v. JPMorgan
Chase Bank, 147 S.W.3d 648, 651 (Tex. App.ÂFort Worth 2004, pet. denied).Â 
Â[W]e are obligated to review sua sponte issues affecting
jurisdiction.ÂÂ  M.O. Dental Lab v. Rape, 139 S.W.3d 671, 673 (Tex. 2004).

Â Â Â Â Â Â Â Â Â  Here, Marcus presented summary
judgment evidence that the cable line had been removed from the KrohnsÂ
11.764-acre tract.Â  Although the Krohns have made some non-specific allegations
that a dispute remains about whether Marcus in fact removed the cable line from
this property,[5]
their counsel unequivocally stated at the summary judgment hearing that the
cable line had been removed from Âthe 11 acre tract.ÂÂ  The map offered in
evidence by Marcus conclusively establishes that the cable line has been
removed from the 11.764-acre tract.

Â Â Â Â Â Â Â Â Â  Therefore, the KrohnsÂ claim for
injunctive relief is moot.Â  See Allstate Ins. Co., 159 S.W.3d at 642.Â 
Accordingly, we overrule the KrohnsÂ sixth issue.

Conclusion

Because we have determined that the KrohnsÂ
claim for damages is barred by limitations and that their claim for injunctive
relief is moot, we need not address the remainder of the KrohnsÂ issues.Â  See
Tex. R. App. P. 47.1 (appellate
courtÂs opinion must address every issue Ânecessary to final disposition of the
appealÂ); Williams v. Williams, 150 S.W.3d 436, 452 n.5 (Tex.
App.ÂAustin 2004, no pet.); Lab. Corp. of Am. v. Compton, 126 S.W.3d 196,
197 (Tex. App.ÂSan Antonio 2003, pet. denied).Â  Accordingly, we affirm the
judgment.

Â 

FELIPE REYNA

Justice

Before Judge Walton,

Justice
Reyna, and

Judge
Yelenosky[6]

Affirmed

Opinion delivered and
filed July 19, 2006

[CV06]









[1]
Â Â Â Â Â Â Â Â Â  The Supreme Court has Âneither
endorsed nor addressedÂ the continuing tort doctrine.Â  See Creditwatch, Inc.
v. Jackson, 157 S.W.3d 814, 816 n.8 (Tex. 2005).





[2]
Â Â Â Â Â Â Â Â Â  Though the Court primarily
addressed the plaintiffsÂ nuisance claims, the Court nevertheless concluded
that the plaintiffsÂ trespass claims were barred by limitations for the same
reasons.Â  See Schneider NatÂl Carriers, Inc. v. Bates, 147 S.W.3d 264,
292 (Tex. 2004).

Â 





[3]
Â Â Â Â Â Â Â Â Â  Marcus has since removed the
cable line from the KrohnsÂs 11.764-acre tract of land.Â  Thus, it is no longer
a ÂpermanentÂ trespass as to that property.Â  Nevertheless, the Supreme Court
explicitly held that the ÂabatabilityÂ of a nuisance is not a consideration in
determining whether it is permanent or temporary.Â  Id. at 283-90.





[4]
Â Â Â Â Â Â Â Â Â  The parties agree that a dispute
remains on the question of whether the cable line is now crossing a 1.358-acre
tract of land the Krohns own which is situated across the road from the
11.764-acre tract.Â  However, the KrohnsÂ allegations regarding MarcusÂs alleged
trespass on the 1.358-acre tract have been severed from their complaints
regarding the 11.764-acre tract.

Â 





[5]
Â Â Â Â Â Â Â Â Â Â Â Â Â  The Krohns state in their summary judgment response, ÂThere are
genuine issues of fact in that a trespass is still occurring by Movant.ÂÂ  Alan
Krohn then states in his supporting affidavit, ÂWithout our consultation, about
a month and a half ago, Defendant attempted to move the line off of our
property.Â  They did move the line, but it remains on our property.Â





[6]
Â Â Â Â Â Â Â Â Â  The Honorable Ralph H. Walton,
Jr., Judge of the 355th District Court of Hood County, and the Honorable
Stephen Yelenosky, Judge of the 345th District Court of Travis County, sitting
by assignment of the Chief Justice of the Supreme Court of Texas pursuant to
section 74.003(h) of the Government Code.Â  See Tex. Gov't Code Ann. Â§ 74.003(h) (Vernon 2005).